IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED *for* Charlottesville
AUG 14 2013
JULIA C. DUDLEY, CLERK
BY: /s/ Tim Coleman
DEPUTY CLERK

| | |
|---|---|
| JOHN WILLIAM GENTRY,<br>INDIVIDUALLY AND ON BEHALF OF<br>ALL OTHER VIRGINIA OWNERS<br>SIMILARILY SITUATED<br><br>   Plaintiff<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, INC.<br><br>**Please Serve:**<br>Registered Agent:<br>National Registered Agents, Inc.<br>4701 Cox Road, Suite 301<br>Glen Allen, VA 23060<br><br>   Defendant. | 3:13CV00030<br><br>CLASS ACTION<br>COMPLAINT |

Now before this Honorable Court, comes John William Gentry, through undersigned counsel, and on behalf of himself as an individual and on behalf of all others similarly situated (i.e. the members of the Plaintiff Class described and defined within the Complaint), herein alleges as follows:

I

## JURISDICTION AND VENUE

1. This Court has personal jurisdiction over the Defendant because the Defendant has transacted and continues to transact business in the Commonwealth of Virginia; because the Defendant has contracted to supply services or things in this Commonwealth; and because the Defendant has committed the acts and omissions complained of herein in the Commonwealth of Virginia.

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1332 (d) as this

is a class action in which the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs and members of the class of plaintiffs are citizens of a State different from the Defendant.

3.   This Court has venue of this matter pursuant to 20 U.S.C. 1391(b)(1) because a substantial part of the events or omissions giving rise to the claims occurred in Nelson County, Virginia and a substantial part of the property that is the subject of the action is located in Nelson County, Virginia.

## II

## GENERAL ALLEGATIONS

4.   This is a civil action asserting claims under the Virginia Motor Vehicle Warranty Enforcement Act, VA Code §59.1-207.9 et seq., the Virginia Consumer Protection Act of 1977, and for violation of VA. Code §18.2-216 prohibiting untrue, deceptive, or misleading advertisement, inducements, writings, or documents.  The claims are brought against Defendant Hyundai Motor America, Inc. (hereinafter "Defendant" or "Hyundai") for its refusal and inability to conform its 2011-2013 Elantra Model to the applicable warranty as required by the Virginia Motor Vehicle Warranty Enforcement Act; for willful misrepresentations, deceptions, and false pretenses in connection with consumer transactions in violation of the Virginia Consumer Protection Act of 1977; and in violation of VA. Code §18.2-216 prohibiting untrue, deceptive, and misleading advertisements. Plaintiff John William Gentry, for himself and for all others similarly situated who purchased a 2011-2013 Elantra in Virginia, seeks a refund of the full contract price, including all collateral charges and incidental damages, plus treble damages for willful violation of the Virginia Consumer Protection Act, plus statutory

damages for violation of VA. Code § 18.2-216, plus reasonable attorney's fees, expert witness fees, and court costs.

5. Plaintiff John William Gentry is a resident of Afton in Nelson County, Virginia. (Hereinafter "Gentry" or "Plaintiff"). Gentry is 46-years-old and is a 1990 graduate of the University of Virginia with a degree in Computer Science and a 1993 graduate of the University of Virginia with a Master's Degree in Management Information Systems. Gentry has been married for 15 years. He is employed by Alere and its predecessors for the past 15 years where he serves as an information technology engineer.

6. Based on information gathered from the Commonwealth of Virginia State Corporation Commission website, Defendant Hyundai Motor America, Inc. is a corporation which is incorporated in the state of California, with a principal place of business in the city of Costa Mesa, California.

### III
### FACTUAL ALLEGATIONS

7. Plaintiff Gentry lives close to Interstate Highway 64 in Afton, Virginia. His place of employment is in Charlottesville, Virginia and is close to Interstate 64 and the Route 250 Bypass. Gentry travels 26 miles each way to work and back, almost all of which is highway driving. In the early part of 2013 Gentry conducted research to find a personal vehicle that delivered high miles-per-gallon for his highway driving. Gentry and his wife already owned one Hyundai vehicle so he researched Hyundai vehicles which purportedly obtained high highway mileage. Gentry had previously seen advertisements touting the "40 MPG" Hyundai Elantra vehicles and found numerous advertisements asserting that the 2013 Hyundai Elantra obtained highway mileage of "38 MPG".

Gentry recalled the numerous advertisements that the 2011-2012 Hyundai Elantra obtained "40 MPG" on the highway. A representative sample of the Hyundai Elantra advertisements, all believed to have been disseminated in Virginia, is found in the DVD-R attached hereto as Exhibit One. None of these advertisements comply with, nor are they sanctioned by, the Federal laws and regulations regarding the form and content of mileage disclosures. As a factual description of the goods, these advertisements constitute part of the basis of the bargain and is therefore an express warranty. See, Daughtrey v. Ashe, 243 VA. 73, 413 S.E.2d 336, (1992). Martin v. American Medical Systems, Inc., 116 F.3d 102 (4th Cir. 1997).

8.   Based on the Hyundai advertisements and many same or similar affirmations of facts made by salesmen of the Hyundai-authorized agents and dealership regarding the highway mileage, on February 18, 2013, Gentry purchased a 2013 Elantra Coupe, Vehicle Identification Number KMHDH6AE9DUQ05103 from a Hyundai-authorized agent and dealership in Staunton, Virginia known as "Wright Way Hyundai". The total delivered price was $18,970.09. The vehicle had 41 miles on it when purchased.

9.   Upon receiving the vehicle, Gentry began logging and calculating the miles per gallon he obtained on his highway drive to and from work. After driving the vehicle for 1,156 miles, Gentry determined he was only getting around 30 miles per gallon on the highway and not the 38 MPG advertised. On its best day, the vehicle reached 33 MPG on the highway on rare occasions. This performance in the "low 30's" was materially different than the "38 and 40 MPG" advertised. Gentry returned the vehicle to the Hyundai-authorized dealership for evaluation, which drove the vehicle for one mile, and told Gentry he needed to drive it more as the vehicle was still in the "break-in period". The Hyundai-authorized dealership confirmed to Gentry he should get 38 MPG on the highway after the "break-in period".

10. After driving the vehicle an additional 1,132 miles, Gentry returned the vehicle to the Hyundai-authorized dealership on April 23, 2013. Gentry reported his vehicle was "still only getting 30-33 MPG" on the highway. At no time did any Hyundai-authorized dealership employee tell Gentry he should not expect 38 MPG on the highway. To the contrary, every employee at the Hyundai-authorized dealership who spoke or wrote to Gentry confirmed that the vehicle should get 38 MPG on the highway. The staff and owner, Mark Wright, of the Hyundai-authorized dealership drove the vehicle 196 miles on the highway and measured the actual mileage at 32.47 miles-per-gallon. The owner of the Hyundai-authorized dealership observed at this time that the onboard trip computer was calculating a higher miles-per-gallon figure than the actual miles driven divided by the actual gallons burned. The Hyundai-authorized dealership conducted more extensive testing including testing of the gasoline and could not locate any mechanical problem to explain the low highway mileage. The Hyundai-authorized dealership contacted Hyundai and reported the problem and the lack of an explanation. Hyundai responded by stating it would send a Division Service and Parts Manager and a Field Service Engineer to inspect and test Gentry's vehicle. At no time did the Hyundai dealership owner or staff state that getting 30-33 MPG on the highway was acceptable.

11. On June 18, 2013 Hyundai employees Maureen Dowd and Arthur Anderson came to the Hyundai-authorized dealership in Staunton, Virginia to inspect and test Gentry's vehicle for his stated complaint that the "vehicle does not get the MPG that it should. Only gets 30-33 MPG." At no time did the Hyundai employees state that the complaint of "only gets 30-33 MPG" was not a breach of the warranties applicable to the vehicle. To the contrary, all mechanical evaluation and work for the stated complaint of low mileage was performed under and paid by the warranty at Hyundai's expense.

Dowd and Anderson purportedly made two test-drives to calculate the highway miles-per-gallon. Dowd and Anderson alleged that the first test drive yielded a highway miles-per-gallon of "62.1890547 MPG", while at the same time the on-board trip computer "averaged 37-40 MPG". The second test drive purported to yield a highway miles-per-gallon of "42.904290429" MPG while the on-board "trip computer ranged from 38-44 MPG".

12. On the same day that Hyundai employees Dowd and Anderson allegedly obtained "62.1890547" and "42.904290429" miles-per-gallon on the highway, Mark Wright, the owner of the Hyundai-authorized dealership "Wright Way Hyundai", and an agent of Hyundai, telephoned Plaintiff Gentry to inform him of the "findings" of the Hyundai employees. In a tape-recorded conversation Mr. Wright informed Gentry of the highway mileage purportedly obtained by Dowd and Anderson, and then stated *"If we got that kind of mileage nobody would be complaining"*. Mr. Wright went on to state that, in regard to the two purported highway mileage calculations allegedly reached by Hyundai employees Dowd and Anderson: *"Yea, I don't get any of that…I don't know how they got 62…I don't buy it."* Mr. Wright told Gentry that he questioned Dowd and Anderson about the discrepancy between the highway mileage they allegedly obtained and the highway mileage calculated by Gentry and Mr. Wright *"Their response is that if you don't like the results then you can follow through with consumer affairs or Lemon Law. And that sucks. I am just baffled."* Mr. Wright told Gentry *"Their response is "our job was to identify so we can get the kind of gas mileage that we estimate on our things and we did. That's it. Open and shut. If you don't like it, tough. Car gets what it is supposed to get.""* Mr. Wright informed Dowd and Anderson that both he and Gentry obtained much less mileage than Dowd and Anderson claimed they obtained. Mr. Wright told Gentry that Dowd and Anderson's response was *"They claim it's my driving*

*and your driving."* Mr. Wright's reaction to this was *"You know, I have never felt more stupid in my life about a car than I do with this whole situation. I'm a pretty intelligent guy and I've never been made to feel any more stupid. It's not a complicated thing."* Mr. Wright offered to replace Gentry's Elantra with another Elantra, but admitted it would not do any good, because he tested the other Elantra's he had and they also did not obtain the highway mileage claimed by Hyundai.

13.     Plaintiff Gentry, faced with a car manufacturer which claimed his vehicle obtained "62.1890547" miles-per-gallon on the highway when his own tests and the tests performed by the owner of the Hyundai-authorized dealership showed the actual mileage was half that, undertook a search for legal representation.  In doing so, Gentry learned for the first time of the details of a California class-action case that Defendant Hyundai had admitted in November 2012 that it had submitted false and incorrect mileage calculations to the Environmental Protection Agency for the 2011-2013 Elantra, and for several other vehicles as well.  Gentry learned there are pending class action suits against Hyundai for false advertising regarding mileage and for false submission of mileage data to the EPA. Gentry contacted the legal representatives of the class to inquire about participation and being included in these, only to learn the class actions filed do not include Elantra's sold in 2013, and that none of the class actions seek to afford consumers the remedies found in the Virginia Lemon Law, the Virginia Consumer Protection Act, or the Virginia statute prohibiting untrue, deceptive, or misleading advertisement, inducements, writings, or documents, all of which generally allow Virginia consumers superior remedies compared to similar state and federal consumer protection statutes.

## COUNT ONE

## LEMON LAW- THE VIRGINIA
## MOTOR VEHICLE WARRANTY ENFORCEMENT ACT
## VA. CODE § 59.1-207.9

14. The allegations of paragraph 1-13 are expressly incorporated and re-pled herein *en toto*.

15. The proposed Class for the Virginia Lemon Law claim consists of all persons who purchased a 2011-2013 Hyundai Elantra in Virginia.

16. The Virginia Motor Vehicle Warranty Enforcement Act provides that a manufacturer of motor vehicles must conform a new motor vehicle to any applicable warranty by repairing or correcting any defect or condition which impairs the use, market value, or safety of the vehicle, or (1) replace the motor vehicle with a comparable motor vehicle acceptable to the consumer, or (2) accept return of the motor vehicle and refund to the consumer the full contract price, including all collateral charges and incidental damages, plus attorney's fees, expert witness fees, and court costs. Under the Virginia Lemon Law, the term "warranty" means any implied warranty or any written warranty of the manufacturer, or any affirmations of fact or promise made by the manufacturer in connection with the sale or lease of a motor vehicle that becomes part of the basis of the bargain. Hyundai repeatedly made affirmations of fact regarding the highway mileage in connection with the sale of the Elantra. For example, on April 18, 2012 Hyundai published on its website the following statements:

> " 'With its 29 mpg city and 40 mpg highway standard fuel economy rating, Elantra is a perfect vehicle for consumers looking for an affordable solution to rising gas prices,' said Scott Margagen, director, Product Planning, Hyundai Motor America. ' Elantra is one of the vehicles at the core of
>
> Hyundai's fuel economy strategy. In the first quarter of 2012, 39 percent of all Hyundai vehicles sold achieved 40 mpg on the highway thanks in large part to Elantra's continued success.'" See, Hyundai news 04/18/12 at https://hyundaiusa.com/about-hyundai/news/Corporate_2012_Elantra_KBB_Green-2

17. The 2013 Elantra's Owner's Handbook and Warranty Information specifically states:

> "The 5th generation Elantra was redesigned in 2011 and delivers design, safety, and up to 40 MPG Highway".

18. These affirmations of fact, and the other representative examples of the affirmations of fact regarding highway mileage found in Exhibit One, as well as other similar advertisements and statements, do not comply with the Federal laws controlling advertising of motor vehicle mileage. See, 16 CFR 259 et seq. The numerous affirmations of fact made by Hyundai, its agents, and authorized dealers regarding the highway mileage allegedly obtained by the Elantra are a part of the contract between Hyundai and members of the Class, and constitute express warranties under Virginia Law. See, Daughtrey v. Ashe, 243 VA. 73, 413 S.E.2d 336 (1992). See, Martin v. American Medical Systems, Inc., 116 F.3d 102 (4th Cir. 1997).

19. Hyundai cannot conform its vehicle to the mileage warranty it made in connection with the sale of the 2011-2013 Elantra's. This failure to conform the vehicle to the applicable warranties significantly impairs the use, market value, and safety of the motor vehicles requiring a repurchase or "buy-back" of the vehicles pursuant to law.

20.     Hyundai warranted that the on-board microcomputer would deliver an "accurate" calculation of the miles per gallon the vehicle obtains. <u>See</u>, Owner's Manual page 4:49. The on-board microcomputer does not accurately calculate or display the actual miles-per-gallon obtained by the vehicle. The on-board microcomputer displays a higher miles-per-gallon figure than the vehicle actually achieves. Hyundai refuses to conform the on-board microcomputer to display the accurate miles-per-gallon the vehicles actually obtain. This non-conformity to the applicable warranty impairs the use, market value and safety of the motor vehicles, thereby requiring the repurchase or "buy-back" of the vehicles pursuant to law.

21.     WHEREFORE the Plaintiff, on behalf of himself and all others similarly situated, moves the Court for judgment against Hyundai awarding a repurchase or "buy back" remedy consisting of a refund to the Plaintiff and all others similarly situated, of the full contract price, incidental damages, attorney fees, expert witness fees, and court costs.

## COUNT TWO

## THE VIRGINIA CONSUMER PROTECTION ACT OF 1977

22.     The allegations of paragraphs 1 through 21 above are expressly incorporated and re-pled herein.

23.     The proposed Class for the Virginia Consumer Protection Act claim consists of all persons who purchased a 2011-2013 Hyundai Elantra in Virginia.

24.     The Virginia Consumer Protection Act was enacted as remedial legislation to promote fair and ethical standards of dealings between suppliers and the consuming public. <u>See</u>, VA.Code § 59.1-197. The Defendant Hyundai is a "supplier" engaging in consumer transactions with the Plaintiff Gentry, and every other person in the Class

who bought a 2011-2013 Hyundai Elantra in the Commonwealth of Virginia. The Virginia Consumer Protection Act of 1977 prohibits Hyundai from misrepresenting that goods have certain characteristics, uses, benefits, or qualities. *See*, VA. Code § 59.1-200(A)(5) and (6). The Virginia Consumer Protection Act of 1977 prohibits the advertising of goods with intent not to sell them as advertised, or with the intent not to sell them upon the terms advertised. VA. Code § 59.1-200(8). In any action brought under this subsection the refusal of any supplier to sell goods upon the terms advertised "shall be *prima facie* evidence of a violation of this subdivision." Id. The Virginia Consumer Protection Act of 1977 prohibits Hyundai from "using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction." VA. Code § 59.1-200 (14).

25. The Defendant Hyundai has violated the Virginia Consumer Protection Act in numerous ways, including:

    A.    Hyundai misrepresented that the 2011-2013 Elantra obtained 38 or 40 highway miles-per-gallon when it knew it would not achieve this mileage;

    B.    Hyundai has refused to sell any 2011-2013 Elantra's to the Plaintiff or any other member of the Class which actually gets 38 or 40 highway miles-per-gallon, thereby establishing *prima facie* evidence of a violation of Va. Code § 59.1-200 (A)(8).

    C.    Hyundai has represented that its on-board microcomputer will provide an "accurate" measure of the miles per gallon obtained by the vehicle, when Hyundai knows this equipment will not accurately measure the miles per gallon obtained. This is *prima facie* evidence of a violation of VA. Code § 59.1-200 (A)(8).

    D. The Defendant Hyundai sold the 2011-2013 Hyundai Elantra with specific Environmental Protection Agency mileage estimates which were based on false and incorrect data Hyundai provided to the EPA. As such Hyundai violated VA. Code §

54.1-200(A)(2)(5)(6)(8) and (14).

E. The Hyundai Official Website advertises the 2013 Elantra at "38 MPG HWY" in dark letters on a white background. *See*, Screen shots at the end of Exhibit One. When looking at the website on a computer screen it does not appear that there are any footnotes in connection with the advertised "38 MPG HWY". When the same page of the website is printed, the printed copy reveals a footnote "3" to the upper right of the "38". In spite of a thorough search of the website, the footnote "3" cannot be located. On information and belief footnote "3" is some disclaimer or explanation of the advertised "38 MPG HWY". Hyundai's intentional placement of footnote "3" in white on a white background so it cannot be seen when looking at the screen, (but it can be seen when it is printed), coupled with the difficult, if not impossible, to locate text of footnote "3", constitutes the use of "deception…false pretense, false promise, or misrepresentation in connection with a consumer transaction" in violation of VA. Code § 59.1-200 (A)(14).

F. The alleged inspection and testing of Gentry's vehicle performed on June 18, 2013 at which Hyundai employees claimed that Gentry's vehicle obtained "62.1890547" miles-per-gallon on the highway and "42.904290429"miles-per-gallon on the highway constituted the use of "deception…false pretense, false promise and/or misrepresentation in connection with a consumer transaction." Gentry's own meticulous calculations of the mileage obtained in highway driving shows the allegations of the Hyundai employees are false. The careful highway mileage calculations made by Hyundai's agent and authorized dealer, Mr. Wright, shows the allegations of Hyundai's employees are false. The inaccurate allegations of Hyundai's employees, coupled with their statements that challenge the consumer to sue them if they do not agree, demonstrate a scheme to falsely portray the Elantra as actually

obtaining the highway mileage as advertised, and then daring any individual consumer to incur the cost and risk necessary to challenge Hyundai in court, all in violation of the Virginia Consumer Protection Act.

26. The Virginia Consumer Protection Act provides that if the trier of fact finds that any violation of the Act was willful it may increase damages to an amount not exceeding three times the actual damages sustained or $1,000, whichever is greater. VA. Code §59.1-204(A). The Plaintiff alleges that each and every violation of the Virginia Consumer Protection Act was willfully executed by Hyundai for the obvious purpose of taking advantage of Virginian's desire to save money by using less gasoline and to protect the environment by the release of less carbon dioxide pollution into the atmosphere. Knowing that Virginians would respond positively to spending less money for fuel and causing less damage to the environment, Hyundai willfully violated the Virginia Consumer Protection Act in each way described above, and in other ways as discovery reveals, in a "successful" and highly-profitable effort to increase the sales of its motor vehicles. Hyundai had previously conducted and submitted EPA-mandated data on many, many occasions prior to submitting incorrect data to the EPA for the 2011-2013 Elantra. Hyundai knew the correct procedures to follow and the correct method to submit accurate data. In spite of this Hyundai has admitted it submitted incorrect data to the EPA on these vehicles thereby making the EPA-estimated highway mileage more attractive than it would be otherwise, thereby selling more cars. Hyundai also knew that an EPA-mandated mileage estimate was not an actual measurement of miles-per-gallon and that the Elantra would not actually obtain 38 or 40 MPG on the highway. In spite of this actual knowledge Hyundai still made affirmations of fact that the Elantra achieved 38 or 40 MPG on the highway when it knew these vehicles would not do so. Defendant Hyundai programmed and installed the on-board microcomputer

to show that the vehicle is getting higher mileage than actually obtained, lulling the Plaintiff and others similarly situated into believing they were actually obtaining the highway mileage Hyundai advertised that the vehicle would achieve. After perpetrating this scheme Hyundai willfully violated the Virginia Consumer Protection Act by conjuring and fabricating highway mileage "results" and then daring the individual consumer such as Gentry to take legal action against it, at which point Hyundai would use its $84 billion in annual revenue to overwhelm any individual litigant in court. The Plaintiff on behalf of himself and the Class seeks three times the actual damages, a sum which is established for each consumer and member of the Class by the Virginia Lemon Law as the refund of the full purchase price, incidental damages, expert witness fees and costs. Only in this way will the clearly expressed public policy of Virginia be fulfilled. Only in this way will the Defendant Hyundai be disgorged of its many millions of dollars in ill-gotten gains and punished for its conduct. Only in this way will other motor vehicle manufacturers learn that violations of the Virginia Consumer Protection Act in regard to gas mileage and environmental protection will be dealt with as prescribed by law, thereby deterring any temptation by others to engage in the same or similar conduct.

27. The Plaintiff on behalf of himself and the Class, moves the Court for a permanent injunction restricting the Defendant Hyundai from violating the Consumer Protection Act and to restrain from any of the misconduct described herein specifically restraining Hyundai from engaging in any false or misleading advertising related to the mileage of its vehicles.

## COUNT THREE

## VIOLATION OF VA. CODE §18.2-216 PROHIBITING UNTRUE, DECEPTIVE, OR MISLEADING ADVERTISING, INDUCEMENTS, WRITINGS OR DOCUMENTS

28.     The allegations of paragraphs 1 through 27 are expressly incorporated and re-pled herein *en toto*.

29.     The proposed Class for violations of VA. Code § 18.2-216 consists of all persons who purchased a 2011-2013 Hyundai Elantra in Virginia.

30.     VA. Code §18.2-216 broadly prohibits untrue, deceptive, or misleading advertisements to the public with the intent to increase the public's consumption of anything offered for sale by the advertiser.  VA. Code §59.1-68.36 provides that any person who suffers loss as the result of a violation of §18.2-216 shall be entitled to bring an individual action to recover damages, or $100, whichever is greater.  The actions of Hyundai previously described herein are violations of VA. Code §18.2-216 and the Plaintiff seeks damages for each and every violation and attorney fees as a result thereof as provided by VA. Code §59.1-68.3.

    WHEREFORE, the Plaintiff Gentry moves the Court for judgment against Defendant Hyundai and in favor of each member of the Class for the full purchase price of the vehicle, including all collateral charges and incidental damages, as provided by the Virginia Motor Vehicle Warranty Enforcement Act, treble damages as provided by the Virginia Consumer Protection Act, injunctive relief restricting Defendant Hyundai from engaging in misconduct described herein, statutory damages as provided by Virginia Code §59.1-68.3, plus reasonable attorney's fees in the amount of $350 per

hour, or one-third of any amount recovered, whichever is greater, plus expert witness fees, and court costs all provided by law. Trial by jury is requested.

Respectfully submitted,

John William Gentry

By: _____
Of Counsel

James B. Feinman (VSB# 28125)
James B. Feinman & Associates
P.O. Box 697
1003 Church Street. 2nd Floor
Lynchburg, Virginia 24505
(434) 846-7603 (phone)
(434) 846-0158 (fax)
Counsel for Plaintiff
jb@jfeinman.com