IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

JOHN WILLIAM GENTRY, LINDA RUTH
SCOTT, DANIELLE KAY GILLELAND,
JOSEPH BOWE, MICHAEL DESOUTO,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHER VIRGINIA OWNERS
SIMILARLY SITUATED,                     Civil Action No. 3:13-cv-00030

           Plaintiffs,

v.

HYUNDAI MOTOR AMERICA, INC.,

           Defendant.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STAY PENDING THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION'S RULING ON THE TRANSFER OF THIS ACTION**

Defendant Hyundai Motor America ("Hyundai"), by counsel, respectfully submits this memorandum of law in support of its motion to stay proceedings pending the Judicial Panel on Multi-District Litigation's ruling on the transfer of this action to MDL No. 2424.

### Preliminary Statement

This case is not unique. Fifty-one other cases that make substantially similar allegations are consolidated in Multi-District Litigation ("MDL") No. 2424 in the Central District of California. Like this case, the 51 actions involve allegations of incorrect or inaccurate fuel economy representations against Hyundai Motor America ("Hyundai") or its affiliate, Kia Motors America, Inc. ("Kia"). Forty-nine of the 51 cases relate to Hyundai's and Kia's announcement on November 2, 2012 that they were adjusting the Environmental Protection Agency miles-per-gallon estimates for certain vehicles. Because this case is so similar to the others, Hyundai has noticed this action as a potential tag-along action related to the MDL, and the Judicial Panel on Multi-District Litigation (the "Panel") will likely order that this action be transferred to and consolidated with the MDL.

Since the Panel created MDL No. 2424, Hyundai and plaintiffs have actively pursued discovery in that forum. Defendants in the MDL have produced *more than* 200,000 pages of documents. Plaintiffs in the MDL have interviewed under oath eleven of defendants' witnesses. Additionally, the Court overseeing the MDL has held regular status conferences where plaintiffs have been able to raise concerns about the progress of discovery. These efforts have enabled the MDL to progress such that on October 7, 2013 the MDL Court entered an order permitting a motion for preliminary approval of a nationwide class action settlement to be filed as soon as November. Thus, this order is the culmination of more than seven months' effort by the parties in the MDL and by the MDL transferee court.

Hyundai seeks to transfer this case to the MDL to coordinate it with the other similar actions, to allow the parties to benefit from the work that has taken place in the MDL, and save judicial resources. In the interim, Hyundai requests a brief stay of this action until the Panel orders transfer to the MDL.

A stay will conserve the resources of the parties and the Court and will ensure that all comparable cases are treated equally. This is particularly so here because of the large number of similar cases already pending in the MDL and the MDL Court's active oversight of the cases in that forum. Thus, a stay is necessary to ensure that similar actions are treated in a comparable and consistent manner.

Accordingly, Hyundai respectfully requests that the Court enter an Order staying all proceedings in this case, including defendant's obligation to respond to plaintiffs' Amended Complaint, until the Panel issues a ruling on the transfer of this action to MDL No. 2424.

## Background

**This Case Is Not Yet At Issue.** This case was filed on August 14, 2013 with plaintiff Gentry as the only named plaintiff. (Dkt. Entry 1). Hyundai timely filed motions to dismiss and strike the class allegations on September 16, 2013. (Dkt. Entries 12, 14). Plaintiff filed an Amended Complaint on October 14, 2013 naming four additional plaintiffs. (Dkt. Entry 27). Thus far, no party has served any discovery pursuant to the Federal Rules of Civil Procedure nor taken depositions, and the Court has not yet set a trial date. Hyundai's response to the Amended Complaint is due November 1, 2013, and Hyundai intends to move to dismiss. Plaintiffs have also already filed two discovery motions (despite not serving any discovery requests or conducting a Rule 26 conference), which are set to be heard on November 14, 2013. (Dkt. Entries 5, 29, 33). If this case proceeds while awaiting the Panel's transfer order, the Court risks

inconsistent rulings, duplicative work, and motion practice that may all be nullified by the transfer.

**The Panel Has Consolidated Cases Alleging Inaccurate Or Incorrect Fuel Economy Estimates Before The Honorable George H. Wu In MDL No. 2424.** Fifty-one other lawsuits are pending against Hyundai and/or Kia in the Central District of California in MDL No. 2424. (Declaration of Joseph R. Ashby, "Ashby Decl.," ¶ 6). As here, the plaintiffs in the MDL cases seek compensation for Hyundai's alleged misrepresentations or omissions, as well as damages for the allegedly diminished value of their vehicle and for allegedly incurring higher fuel costs.

The first of these cases, *Kehlie R. Espinosa v. Hyundai Motor America* ("*Espinosa*"), was filed more than 21 months ago—on January 6, 2012—and was subsequently removed to the court of the Honorable George H. Wu in the Central District of California. (Ashby Decl., ¶ 3). The *Espinosa* plaintiffs alleged "pervasive false advertisements disseminated by [Hyundai] regarding the expected gas mileage of its vehicle models, including but not limited, [*sic*] to the Hyundai Elantra." (*Id.*, Exh. A). After extensive motion practice and discovery, in which Hyundai produced over 8,000 documents, the *Espinosa* plaintiffs moved to certify a class consisting of all "purchasers and lessees of a 2011-12 model year Hyundai Elantra who purchased or leased the vehicle in the United States"—much like the plaintiffs here who seek certification of a class of owners and lessees of 2011-2013 model year Hyundai Elantra. (*Id.*, ¶ 3 and Exh. B). A second case was filed in federal court on August 15, 2012, in the Southern District of Florida, which is now also part of MDL No. 2424.[1] (Ashby Decl., Exhs. C, D).

---

[1] The case filed in the Southern District of Florida, *Marshall Lawrence Gordon v. Hyundai Motor America*, alleges Hyundai:
> has undertaken a nationwide, pervasive marketing campaign to sell its vehicles by claiming that a number of its models, including, most prominently, the Elantra . . . will get at least 40 miles per gallon . . . in highway driving . . . . In actuality,

3

Then, on November 2, 2012 Hyundai and Kia announced restated EPA fuel economy estimates for some of their vehicles. Following that announcement, the remaining 49 actions were filed in various districts across the country. On February 5, 2013 the Panel ordered the formation of MDL No. 2424 for the purpose of consolidating or coordinating these actions in a single forum in front of a single judge. (Ashby Decl., Exh. E). The Panel's order found that "centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of [the] litigation." (*Id.* at 2). It also noted that "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary." (*Id.*).

The Panel also specifically noted that consolidation is beneficial even when there is some variance in the nature of the cases and how procedurally advanced each of the cases is.

> Whether to include the relatively procedurally advanced Central District of California *Espinosa* action is a close call but, on balance, we are of the opinion that including it in the MDL will be of benefit to both the action and to the litigation as a whole. There is significant factual overlap between the pre- and post-announcement cases regarding the advertising of vehicle mileage estimates. Relatedly, the *Espinosa* plaintiffs also have reportedly sought discovery regarding Hyundai's calculation of its EPA estimates. Finally, *Espinosa* appears to be not so far advanced as to preclude it benefitting from centralization.

(*Id.* at 2 (footnote omitted)).

No cases noticed as potential "tag-along" actions have been declined transfer to the MDL.

---

> however, the Vehicles achieve considerably less than those MPG figures, which fact was known to Hyundai throughout the false advertising campaign.

(Ashby Decl., Exh. C).

4

### **The MDL Proceeding Has Been Effective and Efficient.**

- There have been nine status conferences before Judge Wu to address the progress of settlement and discovery, and to set schedules for the litigation. (Ashby Decl., Exh. H). These conferences were attended, both in-person and telephonically, by numerous plaintiffs and defendants. (*see id.*).

- To stay apprised of the status of discovery and to understand any possible disagreements between the parties, Judge Wu has ordered the parties in the MDL to file numerous status updates with his Court. Thus far, more than thirteen status updates have been filed in the MDL. (*Id.*, ¶ 8).

- Judge Wu appointed a liaison counsel to represent the common interests of plaintiffs in their discussions with defendants. (*Id.*, Exh. I at 40:11-41:1). Liaison counsel has communicated with defendants multiple times regarding discovery and other administrative matters in the MDL. (*Id.* ¶ 9).

- Through discovery, which is actively overseen by Judge Wu, the MDL defendants have produced to plaintiffs more than 200,000 pages of documents, including over 22,000 documents. (*Id.*).

- Plaintiffs have taken recorded interviews, under oath, of four of Hyundai's corporate witnesses and seven more witnesses from other defendants. (*Id.*).

Judge Wu's oversight and the efficiencies from centralized coordination of the 51 actions have also provided the MDL plaintiffs and defendants with the means to ascertain the fairness and reasonableness of the anticipated nationwide class settlement. This settlement will resolve claims from across the United States relating to alleged misrepresentations or omissions in Hyundai's vehicles and specifically includes all pre-November 2, 2012 purchasers and lessees of

the 2011-2013 Hyundai Elantra as class members.  If Judge Wu approves the settlement, the claims of most of the class the plaintiffs here seek to represent will be settled.

By joining the MDL, plaintiffs here will gain an opportunity to enter this coordinated discovery process and receive access to the documents already produced and transcripts of the interviews that have taken place.[2]  Their case will be overseen by a Court already extensively familiar with the litigation and the specific needs of the parties, thereby ensuring that like cases are treated similarly.  They will also be granted the procedural safeguards built into the class settlement approval process.

**Hyundai Has Noticed This Case As A Potential Tag-Along Action.**  (Ashby Decl., Exh. K).  Hyundai filed its notice with the Panel less than three weeks after plaintiffs amended their complaint to bring this case squarely with the scope of MDL No. 2424.  (Dkt. Entry 27). The Amended Complaint added four plaintiffs, each of whom allegedly purchased or leased a 2011 or 2012 Hyundai Elantra before November 2, 2012.   (Am. Compl., ¶¶ 14, 15, 16, 17).  The classes alleged in *Espinosa* and by the plaintiffs with whom Hyundai negotiated a nationwide class settlement all include 2011 and 2012 Hyundai Elantra purchasers or lessees who made their purchase or lease before November 2, 2012.  (Ashby Decl., Exhs. A, F, G).  Thus, there is a substantial likelihood the Panel will transfer this action to MDL No. 2424.

---

[2]  Access to the discovery in the MDL would require the *Gentry* plaintiffs to agree to confidentiality agreements in place in the MDL, just as any other plaintiffs and their counsel in the MDL.

**Argument**

**A STAY OF THIS ACTION PENDING TRANSFER TO THE MDL IS PROPER**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Walker v. New Eng. Compounding Pharm. Inc.*, 2013 WL 1871343, at *3 (W.D. Va. May 3, 2013), *reconsideration denied*, 2013 WL 2383664 (W.D. Va. May 30, 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Courts weigh three factors in deciding whether to stay a motion pending a decision on a Panel transfer motion: "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Brandt v. BP, P.L.C.*, 2010 WL 2802495, at *1 (D.S.C. July 14, 2010) (staying action pending decision by the Panel). Each of these three factors weighs in favor of granting a stay here.

    **A.**    **A Temporary Stay Pending Transfer Will Not Prejudice Plaintiffs**

A temporary stay will not prejudice plaintiffs. This case is at its earliest possible stage: Four out of the five plaintiffs joined the action in the Amended Complaint and the fifth, Mr. Gentry, filed the original complaint in August. No answer has been filed and the Court has not ruled on the motion to dismiss that Hyundai expects to file on November 1, 2013. Additionally, discovery has not begun.

Moreover, Hyundai seeks only a brief stay pending a ruling on the transfer to MDL No. 2424. Hyundai already filed its notice of potential tag-along action with the Panel, which usually decides promptly whether to transfer an action. No cognizable prejudice could arise from such a brief stay of this case, especially at this early procedural stage. *See, e.g.*, *Yearwood*

7

*v. Johnson & Johnson, Inc.*, 2012 WL 2520865 (D. Md. June 27, 2012) (granting brief stay until the Panel decides whether to transfer case to MDL).

### B. Hyundai Will Suffer Significant Hardship Absent A Stay

Hyundai will suffer significant hardship if the stay is not granted. Absent a stay, Hyundai will have to complete the briefing on its expected motion to dismiss and opposing plaintiffs' discovery motions—activity that will be nullified in the likely event a transfer is ordered. Additionally, in the absence of a stay Hyundai will be forced to bear costs for discovery that is likely to be duplicative of discovery in the MDL. This would increase the already disproportionate discovery burden Hyundai bears as a defendant in a putative class action.

Hyundai will likely also be forced to engage in further discovery motion practice that will be negated if the case is transferred. Even though there has been no Rule 26(f) conference and no discovery requests have been propounded, plaintiffs have already filed two discovery motions. (Dkt. Entries 5, 29). This duplicative effort undermines the procedures established by the MDL Court that has facilitated an efficient discovery process.

In order to streamline discovery in the MDL, the MDL Court stayed discovery in the individual actions that comprise the MDL and allowed coordinated confirmatory discovery to proceed:

> THE COURT: . . . . I will also indicate that if I hadn't previously, I am staying discovery other than discovery I am specifically authorizing from -- and that's as to both sides in this case and all the cases that are consolidated in this case.

(Ashby Decl., Exh. I at 39:15-19). The MDL Court also encouraged efficient and orderly procedure by limiting all motion practice and requiring parties to get approval from the Court before filing a motion, discovery or otherwise:

> THE COURT: . . . And that if anybody wants something of that sort, either response or a discovery request, that they have to make an application to me. Not to the magistrate judge, but to me in this case for that. And they have to do it by

8

> noticed motion, and the notice will have to be to all of the other counsel in this case as well.
>
> And that also will include any motions practice at this point in time. There will be no motions filed, for example, a defense motion to dismiss, or anything of that sort, or whatever. Any motion will have to get prior approval of this Court before it can be filed.

(*Id.* at 39:20-40:6). Through this procedure, the MDL Court has actively overseen the discovery process through status conferences that permit the parties to address discovery issues and has set a briefing schedule to resolve outstanding discovery disputes. (Ashby Decl., Exhs. H, J).

Thus, this action should be stayed to avoid duplicative discovery and discovery motion practice. *See Earl*, 2011 WL 7092288, at *2 ("The Court concludes that granting a stay in this case promotes judicial economy. A stay pending an MDL transfer order will avoid duplicative discovery and pretrial management efforts. It also avoids the risk of inconsistent rulings."); *Giles v. POM Wonderful LLC*, 2010 WL 4630325, at *1 (S.D. Fla. Nov. 8, 2010) (granting stay pending transfer to MDL based on argument that stay would prevent duplicative discovery and conserve judicial resources).

### C. A Brief Stay Will Conserve Judicial Resources and Avoid Inconsistent Decisions

A stay would conserve judicial resources and avoid inconsistent decisions. The Panel will likely order transfer of this action because the Amended Complaint makes similar allegations as those of the 51 cases already in the MDL. Each of these 51 cases alleges that Hyundai or Kia made false, misleading, or otherwise improper statements about their vehicles' fuel economy, and that consumers were harmed as a result of these statements. All cases seek compensation and certification of classes of consumers, and some of the putative classes are nationwide, so they necessarily include consumers from Virginia. (Ashby Decl., Exhs. A, F, G). The similarity of these allegations weighs heavily in favor of coordination of actions under Panel

9

procedures. *See* 28 U.S.C. § 1407(a) (Panel may transfer actions that involve one or more common questions of fact pending in different judicial districts).

Absent a stay, this Court's orders on the pending motions could be inconsistent with the MDL Court's decisions on the same issues, or could eventually be revisited by the transferee court. *See* Manual for Complex Litigation, § 20.132 (4th ed. 2004) ("The transferee judge may vacate or modify any order of a transferor court, including protective orders . . . ."). As a result, "[r]equiring the parties to engage in duplicative litigation before a determination is made by the Judicial Panel on Multidistrict Litigation would be an inefficient use of the time and resources of the parties and this Court." *Hawley v. Johnson & Johnson*, 2011 WL 7946243, at *1 (E.D. Va. Apr. 29, 2011).

Courts in the Fourth Circuit routinely grant motions to stay under these circumstances. *See, e.g.*, *Walker*, 2013 WL 1871343 (granting stay pending decision of Panel); *Yearwood*, 2012 WL 2520865 (same); *Robinson v. DePuy Orthopaedics, Inc.*, 2012 WL 831650 (W.D. Va. Mar. 6, 2012) (staying proceedings until Panel finalizes a transfer decision); *Hawley*, 2011 WL 7946243 (staying action pending Panel decision); *Brandt*, 2010 WL 2802495 (same); *Litchfield Co., LLC v. BP, P.L.C.*, 2010 WL 2802498 (D.S.C. July 14, 2010) (same); *Lerch v. Davol Inc.*, 2009 WL 5217063 (W.D.N.C. Dec. 30, 2009) (staying case pending transfer to MDL); *Namovicz v. Cooper Tire & Rubber Co.*, 225 F. Supp. 2d 582, 585 (D. Md. 2001) (staying action pending Panel decision "to ensure . . . consistent treatment of the numerous lawsuits and that judicial resources are not wasted"). The same result is warranted here.

## Conclusion

For the foregoing reasons, Hyundai respectfully requests that the Court stay this matter, including Hyundai's obligation to respond to plaintiffs' Amended Complaint, until the Panel rules on the notice to relate this case to MDL No. 2424.

10

Dated: October 31, 2013              Respectfully submitted,

        **s/ James F. Neale**
        State Bar Number 43060
        Attorney for Defendant Hyundai Motor America
        McGuireWoods LLP
        310 Fourth Street N.E.
        Suite 300
        Charlottesville, Virginia 22902
        Telephone: (434) 977-2582
        Facsimile: (434) 980-2263
        jneale@mcguirewoods.com

        Shon Morgan
        (To Apply *Pro Hac Vice*)
        Joseph R. Ashby
        (Admitted *Pro Hac Vice*)
        Attorneys for Defendant Hyundai Motor America
        Quinn Emanuel Urquhart & Sullivan, LLP
        865 South Figueroa Street, 10th Floor
        Los Angeles, California 90017-2543
        Telephone: (213) 443-3000
        Facsimile: (213) 443-3100
        shonmorgan@quinnemanuel.com
        josephashby@quinnemanuel.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

JOHN WILLIAM GENTRY, LINDA RUTH
SCOTT, DANIELLE KAY GILLELAND,
JOSEPH BOWE, MICHAEL DESOUTO,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHER VIRGINIA OWNERS
SIMILARLY SITUATED,                                               Civil Action No. 3:13-cv-00030

                        Plaintiffs,

v.

HYUNDAI MOTOR AMERICA, INC.,

                        Defendant.

## **CERTIFICATE OF SERVICE**

       I certify that on October 31, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/EF system, which will send notification of such filing to the following counsel for record:

James B. Feinman
Attorney for Plaintiff John William Gentry, Linda Ruth Scott,
Danielle Kay Gilleland, Joseph Bowe, and Michael DeSouto
James B. Feinman & Associates
P.O. Box. 697
1003 Church Street, 2nd Floor
Lynchburg, Virginia 24505
Telephone: (434) 846-7603
Facsimile: (434) 846-0158
jb@jfeinman.com

12

s/ James F. Neale
State Bar Number 43060
Attorney for Defendant Hyundai Motor America
McGuireWoods LLP
310 Fourth Street N.E.
Suite 300
Charlottesville, Virginia 22902
Telephone: (434) 977-2582
Facsimile: (434) 980-2263
jneale@mcguirewoods.com