IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JOHN WILLIAM GENTRY, LINDA RUTH SCOTT, DANIELLE KAY GILLELAND, JOSEPH BOWE, MICHAEL DESOUTO, INDIVIDUALLY AND ON BEHALF OF ALL OTHER VIRGINIA OWNERS SIMILARLY SITUATED, | Civil Action No.: 3:13-cv-30 |
| Plaintiffs, | By: Hon. Robert S. Ballou United States Magistrate Judge |
| v. | |
| HYUNDAI MOTOR AMERICA, INC., | |
| Defendant. | |

## ORDER

Before the Court is the request by Hyundai Motor America, Inc., to stay this action pending a ruling by the Judicial Panel on Multi-District Litigation on whether to transfer the case to a pending MDL proceeding in the Central District of California. Dkt. No. 34. For the reasons set forth below, the Court grants the motion to stay and denies as moot the pending motions filed by Plaintiffs to conduct pre-class certification discovery and to compel responses to discovery.

**Factual Background**

On October 14, 2013, Plaintiffs filed an Amended Complaint alleging that defendant, Hyundai Motor America, Inc. ("Hyundai"), incorrectly or inaccurately represented the fuel economy on the 2010, 2011 and 2012 Hyundai Elantra. Dkt. No. 27. This case is only in the initial stages of discovery and no trial date has been set. Plaintiffs have filed several motions seeking discovery on class certification issues, but the parties have not yet held their Rule 26(f) conference as required by the Federal Rules of Civil Procedure. On October 31, 2013, Hyundai

filed a Motion to Stay Proceedings Pending the Judicial Panel on Multi-District Litigation's Ruling on the Transfer of This Action, and shortly thereafter filed a Motion to Dismiss. Dkt. Nos. 34 & 37.

Fifty-one other cases with allegations that Hyundai incorrectly or inaccurately represented the fuel economy in the 2010 or 2011 Elantras have been consolidated in Multi-District Litigation ("MDL") Case No. 2424 in the Central District of California. Since MDL No. 2424 was created, the parties have engaged in discovery with the oversight of the Honorable George H. Wu, and on October 7, 2013, the MDL Court permitted the filing of a motion for preliminary approval of a nationwide class action settlement.

On October 30, 2013, Hyundai noticed this action to the Judicial Panel on Multi-District Litigation ("the Panel") as a potential tag-along action related to MDL No. 2424. Dkt. No. 43-8. See MDL Rule 7.1(a). Hyundai filed a Motion in this Court to Stay all Proceedings Pending the Judicial Panel on Multi-District Litigation's Ruling on the Transfer of This Action. Dkt. No. 34. Plaintiffs filed a Brief in Opposition to the Motion to Stay (Dkt. No. 48) in this court, and filed an opposition to the transfer of the action with the Panel. On November 14, 2013, the Court held a Pretrial Conference at which both parties were represented by counsel. At the time of the hearing on this motion, the Panel had entered a Conditional Transfer Order, conditionally transferring this case to MDL 2424. Dkt. No. 43-9. See MDL Rule 7.1. The Court heard argument on Defendant's Motion to Stay Proceedings, and found that the motion should be granted for the reasons stated on the record. Having granted the Motion to Stay, the Court declined to entertain argument on Plaintiffs' discovery motions.

2

Case 3:13-cv-00030-NKM-RSB   Document 55   Filed 11/20/13   Page 2 of 5   Pageid#: 646

## Analysis

A district court has the "inherent power" to stay a pending action to ensure both the efficient management of its docket, as well as economy of time and effort for itself, counsel and litigants. Hawley v. Johnson & Johnson, Civ. Action No. 3:11cv195, 2011 WL 7946243 (E.D. Va. April 29, 2011)(citing Landis v. N. Am. Co., 299 U.S. 248, 245–55, 57 S. Ct. 163, 81 L. Ed. 153 (1936); and Williford v. Armstrong World Indus. Inc.,715 F.2d 124, 127 (4th Cir. 1983)).

The district court must "weigh competing interests and maintain an even balance" when determining whether to grant a motion to stay. Landis, 299 U.S. at 255; Robinson v. DePuy Orthopaedics, Inc., Civ. Action No. 312cv00003, 2012 WL 831650 at *2 (W.D. Va. Mar. 6, 2012). Specifically as it relates to the stay of an action pending its transfer to an MDL action, the district court should consider: (1) the potential prejudice to the non-moving party if the action is stayed; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. Sehler v. Prospect Mortgage, LLC, Civ. Action No. 1:13cv473, 2013 WL 5184216 at *2 (E.D. Va. Sept. 16, 2013)(citing Johnson v. DePuy Orthopaedics, Inc., Civ. Action No. 3:12cv2274, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012)).

I have carefully considered and balanced the factors related to staying the litigation while the MDL panel considers whether to transfer the case to the pending MDL proceeding, and I find that a stay is appropriate. The prejudice to Plaintiffs by staying this action is minimal. The Panel has already conditionally transferred this action to MDL No. 2424. Plaintiffs' counsel filed an objection to that transfer, and the Panel is expected to make a final decision with regard to the transfer shortly. Thus, the stay will be for a limited period of time if the MDL panel does not transfer the case. Additionally, this case is still in the initial pre-trial stages. There is no pre-

3

trial scheduling order in place, no trial date, and very little formal discovery has been exchanged. Should the MDL Panel decide not to transfer this case, then this Court will address all open issues promptly, causing little delay to the Plaintiffs. Thus, a short stay during this period will not affect the discovery schedule or unduly delay the case.

The possibility of a slight delay for the Plaintiffs is outweighed by the potential prejudice faced by Hyundai if this case is not stayed pending the transfer to MDL 2424. If this court denies the stay, it would subject Hyundai to the significant burden of duplicative litigation. See Yearwood v. Johnson & Johnson, Civ. Action No. RDB-12-1374, 2012 WL 2520865, at *4 (D. Md. June 27, 2012). Discovery is being actively managed by Judge Wu in the MDL proceeding. Forcing Hyundai to engage in additional discovery and motions practice in the Western District of Virginia will create duplicative and potentially inconsistent obligations.

Further, requiring the parties to engage in duplicative litigation before a determination is made by the Panel would be an inefficient use of the time and resources of the parties and this court. Thus, I find that granting a stay of proceedings pending transfer to MDL 2424 will serve judicial economy, promote the efficient resolution of this case, and avoid the possibility of conflicting judicial determinations.

Accordingly, Defendant's Motion to Stay this action is hereby **GRANTED**. This action is **STAYED** pending a ruling by the Judicial Panel on Multidistrict Litigation regarding the transfer of this action to MDL No. 2424. Given that the case is now stayed, Plaintiffs' Motion for Discovery (Dkt. No. 5) and Motion to Compel (Dkt. No. 29) are **DISMISSED** as moot. Counsel for Defendants are hereby **DIRECTED** to notify the Court and counsel for Plaintiffs immediately following a determination by the Judicial Panel on Multidistrict Litigation as to whether this case will be transferred to MDL 2424.

Enter: November 20, 2013

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge